William F. Hines
vs. }Eq. No. 9281.
Saart Bros. Co.

January 10, 1930.

BLODGETT, J. Heard upon bill and answer.

Bill of complaint praying that certain contracts for the purchase of stock by complainant of the respondent corporation be declared illegal and for the return to complainant of the money paid for said stock.

The stock is alleged to have been purchased under the following guaranty by William H. Saart, president of the corporation:

"The owners of this common stock are entitled to receive, and the company is bound to pay out of its surplus or net earnings, a dividend at the rate of 8 per cent. per annum, accumulative from and after the first day of March, A. D. 1923, payable semi-annually (July and January). This 8 per cent. is a special guaranteed dividend, and the stock will also share in any dividends that the Saart Bros. Co. may declare from time to time, and is subject to all the privileges according to the by-laws of the Saart Bros. Co."

The fourth paragraph of the bill alleges a further purchase of 20 shares of 8 per centum accumulative preferred stock of the respondent corporation.

Previous to the issue of said common stock to complainant the corporation procured an amendment to its charter as follows:

"A new class of stock shall be created to be known as preferred stock. Said preferred stock shall be in the sum of $25,000, divided into shares of the par value of $100 each. The said preferred stock shall be non-assessable. The owners of said preferred stock are entitled to receive and the company is bound to pay out of its surplus or net earnings a dividend at the rate of but never exceeding eight per cent. (8%) per annum, cumulative from and after the first day of March, A. D. 1923, payable semi-annually, before any dividend shall be set apart or paid on the common stock. Said preferred stock may by vote of a majority of the board of directors, be redeemed at any time after three (3) years from the first day of March, A. D. 1923, at the price of $115 per share, and any accumulated dividends. In case of liquidation, dissolution or distribution of the assets of said company, the owners of said preferred stock shall be paid the par value of their preferred shares and the amount of dividends accumulated and unpaid thereon before any amount shall be distributed among the owners of the common stock, and

after the payment of the par value of the common stock to the owners thereof, the balance of the assets and funds shall be distributed ratably among all the stockholders without preference. The preferred stock shall be without voting power."

An examination of certificates 22 and 41 issued to complainant discloses that the class of stock was the ordinary common stock of the corporation, having attached to them the above guaranty.

The language of the guaranty follows the amendment to the charter filed February 26, 1923, as to cumulative 8 per cent. dividends, and then adds provisions as to said stock sharing in other dividends that may be declared by the corporation. The effect of the guaranty is to make an issue of preferred stock of ordinary common stock, and to create an issue never contemplated by the charter of the corporation or by any amendments thereof.

In the fourth paragraph of said bill complainant avers that he purchased 20 shares of the cumulative 8 per cent. preferred stock, the issue authorized by the amendment of February 23, 1923, on the second day of September, 1924.

There is no testimony from records and minutes of the corporation that such a guaranty as that set forth was made or ratified by the corporation. The charter of the corporation does not authorize such an issue. The president had no authority to bind the corporation by such a guaranty unless such guaranty was ordered or ratified by the corporation.

The first question that arises is whether the guaranty attached to the two certificates was the act of the corporation or the personal guaranty of William H. Saart and Albert G. Saart.

An examination of the guaranty discloses that it is signed "William H. Saart, Pres." and "Albert G. Saart,

Sec.". The name of the corporation does not appear, nor does it appear upon the face of the guaranty that it was signed in behalf of the corporation.

The bill alleges (Par. 2) that "complainant at the instance and request of William H. Saart" purchased forty shares of common stock of the Saart Bros. Co.

In Par. 5 the bill alleges that "complainant, relying upon the inducements and guarantees made for and in behalf of the respondent corporation" received dividends at certain times, &c.

The complainant when he bought this stock had notice from the guaranty itself that all dividends were to be paid from the surplus and net earnings of the corporation. In this respect he was in a like position as other stockholders. There is no guaranty that the surplus and net earnings of the corporation would be sufficient to meet the requirements of the guaranty. It is difficult for the Court to see how the complainant could be deceived in this respect. Even if the guaranty could be regarded as made by the corporation, the complainant was in no wise deceived. In the absence of surplus or net earnings he could not be paid the dividends required by the guaranty.

The Court is of the opinion that the act of William H. Saart and Albert G. Saart in executing the guaranty was not the act of the corporation; that the words "Pres." and "Sec." are surplusage and merely descriptive, and that the guaranty is the personal guaranty of William H. Saart and Albert G. Saart.

The Court is also of the opinion that no deceit was practised upon complainant by the Saart Bros. Co.

The allegation that the issue was illegal will not avail the complainant since its alleged illegality was caused by William H. Saart and Albert G. Saart and could not bind the corporation.

A decree may be entered dismissing the bill.

For complainant: F. D. McManus.
For respondent: Lee & McCanna.